[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 5, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16535
Non-Argument Calendar

_____

D. C. Docket No. 05-20393-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEDDY GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 5, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Teddy Garcia appeals his conviction and 262-month sentence for conspiracy

to possess with intent to distribute marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii) and 846. After review, we affirm Garcia's conviction and dismiss his appeal of his sentence.

## I. BACKGROUND

Garcia was arrested for operating a marijuana "grow house." After Garcia was indicted by a grand jury on four drug counts, the government filed an information pursuant to 21 U.S.C. § 851(a), giving Garcia notice that it intended to pursue an enhanced penalty under § 841(b)(1)(A) based on Garcia's prior felony drug offenses.

Garcia, represented by counsel, engaged in plea negotiations with the government and ultimately entered into a plea agreement. Under the plea agreement, Garcia agreed to plead guilty to the drug conspiracy charge and the government agreed to dismiss the remaining counts. The parties also agreed that Garcia's offense involved 426 marijuana plants. Based on the agreed number of marijuana plants, during plea negotiations, the parties believed that Garcia's guidelines base offense level would be 20, pursuant to U.S.S.G. § 2D1.1, and that his advisory guidelines range would fall below the statutory minimum ten-year sentence. Thus, the parties believed Garcia likely would receive the statutory minimum of ten years in prison.

2

Nonetheless, Garcia's plea agreement stated, <u>inter</u> <u>alia</u>, that Garcia faced a minimum term of imprisonment of ten years and a statutory maximum term of imprisonment of life. Garcia also stipulated in the plea agreement that the government had complied with § 851 and that he was subject to an enhanced penalty of ten years imprisonment under § 841(b)(1)(A) as a result of his prior felony drug convictions. The plea agreement stated that the sentence would be imposed pursuant to the Sentencing Guidelines, based in part on the results of the presentence investigation report ("PSI"), and that the district court was required to consider the guidelines in sentencing Garcia, but was not required to impose a guidelines sentence.

The plea agreement also stated that "the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum[,] . . . and that the defendant may not withdraw the plea solely as a result of the sentence imposed." The plea agreement further stated that Garcia was aware that the sentence had not yet been determined by the district court and that "any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court."

The plea agreement also contained a sentence appeal waiver in which Garcia agreed to waive his right to appeal any sentence, unless "the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the court establishes at sentencing." The sentence appeal waiver also released Garcia from the waiver if the government filed an appeal.

At Garcia's plea hearing, the district court confirmed that Garcia: (1) was satisfied with his counsel's representation, (2) had read and understood the plea agreement, and (3) had not been induced by promises or assurances to enter into the plea. The district court reminded Garcia that it could sentence him to a more severe sentence than recommended by the government or anticipated by Garcia and that Garcia's guidelines range could not be determined until after the PSI had been completed. Garcia also indicated that he understood that the sentence could be different than any estimate given by his counsel, that the district court was free to sentence outside the guidelines range, and that Garcia was giving up his right to appeal all or part of his sentence. After concluding that Garcia's plea was free and voluntary, the district court accepted Garcia's guilty plea.

Garcia's PSI recommended a base offense level of 37 because Garcia was a career offender pursuant to U.S.S.G. § 4B1.1 based on his prior felony convictions. After a three-level reduction for acceptance of responsibility, the PSI calculated a

4

total offense level of 34 and a criminal history category of VI, resulting in an advisory guidelines range of 262 to 327 months' imprisonment.

After Garcia's PSI was prepared, Garcia moved to withdraw his guilty plea. Garcia argued that he had not fully understood the consequences of his guilty plea because, during plea negotiations, the parties believed that Garcia was exposing himself to only a ten-year sentence and overlooked that he was subject to § 4B1.1's career offender enhancement.

The district court denied Garcia's motion to withdraw his guilty plea. In support of its ruling, the district court noted that Garcia had close assistance of counsel during plea negotiations and understood, based on the express terms of the plea agreement and the plea colloquy, that the district court could sentence him up to the maximum term of life imprisonment and that any estimates provided by his counsel were merely a prediction. The district court also found that Garcia's plea had been knowing and voluntary, that judicial resources would not be conserved by permitting Garcia to withdraw his guilty plea and that the government would be prejudiced if Garcia was allowed to withdraw his guilty plea.

At sentencing, the district court overruled Garcia's objection to a role enhancement and denied Garcia's request for a downward departure from the guidelines range because his criminal history was not over-represented. After

5

noting the factors in 18 U.S.C. § 3553(a), the district court sentenced Garcia to 262 months' imprisonment, which was at the bottom of the advisory guidelines range. Garcia filed this appeal.

## II. DISCUSSION

On appeal, Garcia argues that the district court abused its discretion in denying his motion to withdraw his guilty plea and also argues that the district court erred at sentencing. After review, we affirm Garcia's conviction and dismiss his appeal of his sentence based on Garcia's valid sentence appeal waiver.

### A.    Motion to Withdraw Guilty Plea

Garcia contends that the parties' misunderstanding during plea negotiations about the advisory guidelines range he faced provides a fair and just reason for withdrawing his plea.[1]

After the district court has accepted a plea and before sentencing, a defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether the defendant has met his burden to show a fair and just reason, a district court "may consider the totality of the circumstances surrounding

---

[1] We "review the denial of a request to withdraw a guilty plea for abuse of discretion." United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2003). A decision regarding a plea withdrawal request is not an abuse of discretion unless it is "arbitrary or unreasonable." United States v. Weaver, 275 F.3d 1320, 1328 n.8 (11th Cir. 2001).

the plea." United States v. Buckles, 843 F.2d 469, 471-72 (11th Cir. 1988).

Factors to consider include whether (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. Id. "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." Id. at 472.

Here, the district court did not abuse its discretion in determining, based on the totality of the circumstances, that Garcia had failed to provide a "fair and just reason" for withdrawing his plea. First, the district court considered the appropriate factors, namely: (1) that Garcia had close assistance of counsel; (2) that Garcia's decision to plead guilty was knowing and voluntary; (3) that judicial resources would not be conserved by granting the motion; and (4) that the government would be prejudiced if the plea was withdrawn.

Garcia's arguments focus solely on one of the Buckles factors – the voluntariness of his plea. Garcia essentially contends that his plea was not knowing and voluntary because he (and the government) were operating under the mistaken impression that his maximum possible sentence under the guidelines was the statutory ten-year minimum. This argument is without merit. The plea

7

agreement and the plea colloquy unambiguously establish that Garcia understood

at the time of his plea that any estimates given to him by either his counsel or the

government were merely predictions and not guarantees, and that the district court

had the discretion under the post-Booker advisory guidelines scheme to sentence

Garcia up to the statutory maximum of life.  Indeed, the plea agreement expressly

states that Garcia cannot withdraw his guilty plea based on the sentence imposed.

Under these circumstances, the erroneous predictions by his counsel and the

government as to Garcia's guidelines calculations do not provide a "fair and just

reason" for withdrawing Garcia's plea.[2]  See United States v. Pease, 240 F.3d 938,

941 (11th Cir. 2001) (affirming the denial of a motion to withdraw guilty plea

based on the defendant's contention that he relied on his attorney's sentencing

prediction, which failed to take account of defendant's career offender status,

because the district court advised defendant during the plea colloquy that the

statutory maximum sentence was life and that the court was not bound by

counsel's predictions).

B.    Sentence Appeal Waiver

---

[2]Because the record is not sufficiently developed, we decline to address on direct appeal Garcia's argument that his sentencing counsel rendered ineffective assistance of counsel in failing to advise him of his status as a career offender under the guidelines.  See United States v. Perez-Tosta, 36 F.3d 1552, 1563 (11th Cir. 1994) (holding that an ineffective assistance claim "is more appropriately raised in a proceeding under 28 U.S.C. § 2255").

Garcia argues that his 262-month sentence is unreasonable because it is double what the parties contemplated during plea negotiations and also violates Booker because it is based on prior convictions not charged in his indictment or proven to a jury. We do not address these arguments because they are foreclosed by the sentence appeal waiver in Garcia's plea agreement.

A waiver of the right to appeal is enforceable if it is knowing and voluntary and will be enforced in almost all circumstances. United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993).[3] To enforce the appeal waiver, the government need only demonstrate that "either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. at 1351. Upon reviewing the plea agreement, the transcripts of the plea hearing and the parties' briefs, we conclude that Garcia's sentence appeal waiver is enforceable and requires us to dismiss Garcia's sentencing claims.

Garcia's plea agreement clearly states that Garcia waives his right to appeal his sentence unless the district court imposes a sentence above the statutory

---

[3]Whether a defendant knowingly and voluntarily waived his right to appeal is a question of law that we review de novo. United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997).

maximum or departs upward from the guidelines range or the government files an appeal. At the plea hearing, Garcia admitted that he had read the plea agreement and discussed it with his counsel and that he understood its terms. More importantly, the district court specifically discussed with Garcia that Garcia had a right to appeal his sentence, but, by entering the plea agreement and pleading guilty, Garcia was waiving that right.

Garcia argues that his appeal of his sentence falls outside the waiver provision because the district court's sentence, being so much greater than the imprisonment term the parties expected during plea negotiations, was the "functional equivalent" of an upward departure. This contention is without merit. Garcia's advisory guidelines range was 262 to 327 months. The district court sentenced Garcia at the bottom of that range. It did not "upwardly depart" from that range. Because Garcia knowingly and voluntarily waived his right to appeal his sentence on the grounds asserted in his brief, we dismiss his appeal of his sentence.

For the forgoing reasons, we affirm Garcia's conviction and dismiss the appeal of his sentence.

**AFFIRMED IN PART; DISMISSED IN PART.**