[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10705
Non-Argument Calendar

_____

D. C. Docket Nos. 05-21127-CV-ASG & 03-20387 CR-ASG

GEORGE BURNS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 20, 2008)**

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

George Burns, a pro se federal prisoner, appeals the denial of his motion to

vacate, set aside or correct sentence, 28 U.S.C. § 2255.

In April 2005, Burns filed his § 2255 motion, alleging, inter alia, that his counsel was ineffective because he (1) gave Burns "flawed advice" to plead guilty, (2) failed to file routine motions, (3) failed to challenge the "fraudulent indictment," (4) failed to master the Sentencing Guidelines, and (5) failed to file a direct appeal. Burns also claimed that he was subjected to a "miscarriage of justice" and deprived of a liberty interest due to the ineffectiveness of his counsel. Burns contended that his guilty plea was invalid because he "is an 'un-learned' pro se indigent person that has no legal skill into the law and the court has been aware of his 'mental defects.'"

After holding an evidentiary hearing, the magistrate judge issued a report and recommended that Burns's 28 U.S.C. § 2255 motion be denied. After conducting a de novo review, the district court adopted the magistrate's report and recommendation and denied Burns's 28 U.S.C. § 2255 motion. The court also denied Burns's request for reconsideration.

The district court granted a certificate of appealability ("COA") because "the right to competent counsel is unquestionably a constitutional right, and because the sole basis for his petition and appeal implicate this constitutional right."

On appeal, Burns contends that his trial counsel, Frederick S. Robbins, was

2

ineffective for failing to investigate his history and background, and requests this case be remanded back to the district court in order to inquire further into Burns's competence to knowingly and willingly enter into a plea of guilty. Burns argues that even though Robbins was aware of his illiteracy and had objective reasons to know that he was suffering from mental health issues, Robbins failed to introduce any information at the plea colloquy concerning his illiteracy or his mental condition and failed to alert the district court that he was taking medication. Therefore, according to Burns, his guilty plea was "definitely not knowing or intelligent" and the district court erred by denying his § 2255 motion.

With regard to a district court's denial of a 28 U.S.C. § 2255 motion to vacate, we review legal conclusions de novo and findings of fact for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). An ineffective assistance of counsel claim is a mixed question of law and fact that is subject to de novo review. Gordon v. United States, 496 F.3d 1270, 1276 (11th Cir. 2007). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; Strickland v. Washington, 466 U.S.

3

668, 684-86, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) that his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064-65. We need not "address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697, 104 S.Ct. at 2069.

To meet the deficient performance prong of the Strickland test, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. Id. at 687, 104 S.Ct. at 2064. There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Id. at 689, 104 S.Ct. at 2065. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The Strickland two-part test applies to challenges to guilty pleas based on ineffective assistance of counsel. United States v. Pease, 240 F.3d 938, 941 (11th Cir. 2001) (citation omitted); Hill v. Lockhart, 474 U.S. 52, 60, 106, S.Ct. 366,

4

371, 88 L.Ed.2d 203 (1985) (holding that petitioner failed to allege the type of prejudice required by Strickland because petitioner did not allege in his habeas petition that had his counsel been effective in advising him, he would have pleaded not guilty and insisted on proceeding to trial). In this situation, the defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Gordon, 496 F.3d at 1270 (citation omitted).

"To ensure that a plea is voluntary and knowing, Federal Rule of Criminal Procedure 11(b)(1)(G) states that 'the court must address the defendant personally in open court' before accepting the plea and 'inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading.'" Id. at 1277. "This rule 'imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea.'" Id. (citation omitted). Thus, "[a] court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (2005). We have stated that

5

[t]o ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea, including: the right to plead not guilty (or persist in such a plea) and to be represented by counsel; the possibility of forfeiture; the court's authority to order restitution and its obligation to apply the Guidelines; and the Government's right, in a prosecution for perjury, to use against the defendant any statement that he gives under oath.

Id.

As an initial matter, liberally construing his brief, Burns makes several claims for the first time on appeal, including: (1) his trial counsel, Robbins, was ineffective for failing to investigate Burns's history and background; (2) at the evidentiary hearing, his appointed counsel, William Norris, failed to discuss Burns's mental health history with the psychiatrist from the federal detention center; and (3) the district court relied on false, misleading, and unreliable information at the evidentiary hearing. See Tannenbaum, 148 F.3d at 1263. However, Burns has waived these arguments because he did not raise them in the district court. See Johnson v. United States, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003) (declining to address claims raised for the first time on appeal of 28 U.S.C. § 2255 motion to vacate), aff'd, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). In addition, even taking Burns's pro se status into account, he abandoned his claims from his § 2255 motion alleging that his counsel was ineffective because he (1) failed to file routine motions, (2) failed to challenge the "fraudulent

6

indictment," (3) failed to master the Sentencing Guidelines; and (4) failed to file a direct appeal, because he failed to raise these issues in his brief on appeal. See Marek v. Singletary, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) (holding "[i]ssues not clearly raised in the briefs are considered abandoned").

The district court did not err in denying Burns's § 2255 petition for ineffective assistance of counsel. A review of the transcripts from the plea colloquy and the evidentiary hearing reveals that the court was already aware of Burns's illiteracy and his treatment for mental health or drug addiction, and Burns has not shown that his counsel's failure to alert the court that he was taking prescription medication fell below an objective standard of reasonableness. Thus, he has failed to demonstrate the first prong of Strickland. Because Burns failed to demonstrate that Robbins's performance was deficient, we need not address whether Burns suffered prejudice as a result.

Based upon the foregoing and our review of the record and the parties' briefs, we affirm the district court's denial of Burns's § 2255 claim of ineffective assistance of counsel.

**AFFIRMED.**