[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13936
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 09-00976-CV-RWS-1,
06-00137-CR-RWS

EDWIN C. PARKER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 15, 2010)

Before DUBINA, Chief Judge, CARNES  and MARCUS, Circuit Judges.

PER CURIAM:

Federal prisoner Edwin Parker appeals the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We granted a certificate of appealability ("COA") on "whether the district court erred when it found that the sentence-appeal waiver contained in Parker's plea agreement was knowing and voluntary, and thus, barred his sentencing claims."

In a 28 U.S.C. § 2255 proceeding, we review legal issues *de novo* and factual findings for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). Our review is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998).

On appeal, Parker claims that his attorney provided ineffective assistance during the plea negotiations because his attorney told him that he could get a substantial assistance departure and he would be permitted to appeal the district court's imposition of a two-level firearm enhancement because the enhancement would increase his sentence above the guideline range. Parker also challenges the facts utilized by the district court to support the firearm enhancement to his sentence. Parker does not address whether the district court erred when it found that his sentence appeal waiver in the plea agreement was knowing and voluntary.

Because Parker's claim of ineffective assistance of counsel during his plea negotiations based on his attorney's advice regarding the substantial assistance departure is raised for the first time on appeal, we will not consider it. *Burns v.*

2

*United States*, 278 F. App'x 924, 927 (11th Cir. 2008) (holding that petitioner waived arguments on appeal from the district court's denial of his § 2255 motion because he did not raise them in the district court); *Johnson v. United States*, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003). Additionally, Parker's assertion that the district court erred by issuing him a firearm enhancement is outside the scope of the COA, and we decline to review it. *See Murray*, 145 F.3d at 1251. Furthermore, even liberally construing Parker's *pro se* brief, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (stating that the court holds *pro se* pleadings to a less stringent standard so they will be liberally construed), it is evident that he has abandoned his argument that he had ineffective assistance of counsel at the plea negotiation stage based on his attorney's advice that the plea agreement permitted him to appeal the firearm enhancement. The only mention of this claim is in Parker's facts section of his brief. This is insufficient to preserve the issue for review.

Accordingly, we affirm the district court's order denying Parker's § 2255 motion.

AFFIRMED.