[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13822
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 07-90017-CV-HL-5,
04-00035 CR-HL

KRANSTON DESHAWN MOULTRIE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 27, 2010)

Before DUBINA, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Kranston DeShawn Moultrie, appearing *pro se*, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Moultrie is serving a 188-month sentence for possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841. We granted a Certificate of Appealability ("COA") for the following issues: (1) "Whether counsel provided ineffective assistance when he failed to investigate Moultrie's criminal history before Moultrie entered a guilty plea"; and (2) "Whether the district court failed to address all of the ineffective-assistance-of-trial-counsel claims raised in Moultrie's 28 U.S.C. § 2255 motion, in violation of *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992)."

## I. *Whether counsel provided ineffective assistance when he failed to investigate Moultrie's criminal history before Moultrie entered a guilty plea*

On appeal, Moultrie asserts that he was prejudiced by his counsel's failure to investigate his criminal history, and he maintains that both the district court and the government concede this point. Moultrie then addresses the first prong under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), arguing that his counsel was inadequate because he had sufficient evidence to believe that Moultrie would be classified as a career offender, but his counsel relied only on the Pretrial Services Report ("PSR") without any other investigation for this information. In

2

short, Moultrie argues that his counsel's failure to investigate was not a tactical decision, but rather, deficient representation.

The scope of review is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998). With regard to a district court's denial of a motion to vacate under 28 U.S.C. § 2255, we review legal conclusions *de novo* and findings of fact for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). An ineffective assistance of counsel claim is a mixed question of law and fact that is subject to *de novo* review. *Caderno v. United States*, 256 F.3d 1213, 1216-1217 (11th Cir. 2001). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; *Strickland*, 466 U.S. at 684-85, 104 S. Ct. at 2063. To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) that his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-65. We need not "address both components of the

3

inquiry if the defendant makes an insufficient showing on one." *Id.* at 697, 104 S.

Ct. at 2069. To meet the deficient performance prong of the *Strickland* test, the

defendant must show that counsel made errors so serious that he was not

functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687, 104 S.

Ct. at 2064. There is a strong presumption that counsel's conduct fell within the

range of reasonable professional assistance. *Id.* at 689, 104 S. Ct. at 2065.

The *Strickland* two-part test applies to challenges to guilty pleas based on

ineffective assistance of counsel. *See United States v. Pease*, 240 F.3d 938, 941

(11th Cir. 2001) (citation omitted); *see also Hill v. Lockhart*, 474 U.S. 52, 60, 106,

S. Ct. 366, 371 (1985) (holding that petitioner failed to allege the type of prejudice

required by *Strickland* because petitioner did not allege in his habeas petition that,

had his counsel been effective in advising him, he would have pleaded not guilty

and insisted on proceeding to trial). In *Pease*, we held that a defense attorney's

failure to inform his client that he would be sentenced as a career offender, because

counsel relied on his client's representations about his criminal history and did not

conduct an independent investigation of his client's criminal records, did not

necessarily constitute deficient performance under the first prong of *Strickland*.

*See Pease*, 240 F.3d at 941-42. "Rather, a determination of whether reliance on a

client's statement of his own criminal history constitutes deficient performance

4

depends on the peculiar facts and circumstances of each case." *Id.* at 942. In

*Pease*, defense counsel relied on his client's recollection of his criminal history,

but the client did not relay that he had a prior conviction for resisting arrest with

violence. *Id.* at 941 n.3. Under those circumstances, we held that the district court

did not err in rejecting Pease's claim that his attorney provided ineffective

assistance. *Id.* at 942.

Here, as in *Pease*, Jenkins discussed Moultrie's criminal history with him,

but Moultrie neglected to correct Jenkins's misunderstanding that Moultrie's

criminal history was composed only of minor offenses. In light of the foregoing,

Moultrie cannot establish that Jenkins's performance was deficient.

**II.** **Whether the district court failed to address all of the ineffective-assistance-of-trial-counsel claims raised in Moultrie's 28 U.S.C. § 2255 motion, in violation of *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992)**

Next, Moultrie argues that the district court failed to address, in violation of

*Clisby v. Jones*, (1) whether his counsel was ineffective for failing to apply the

career offender enhancement in determining Moultrie's prospective sentence if he

accepted the plea agreement, and (2) whether his counsel was ineffective by failing

to ascertain whether Moultrie fully understood the consequences of his sentence

appeal waiver. Moultrie's arguments focus on the reasons why his counsel was

ineffective, rather than the district court's disposition of those claims.

5

Additionally, Moultrie argues that his sentence appeal waiver is unenforceable under the U.S. Constitution due to his counsel's ineffective assistance.

In *Clisby v. Jones*, we expressed concern over the number of habeas cases that we had to remand for consideration of issues that the district court had not resolved, and we instructed district courts to resolve all claims presented in a habeas petition, regardless of whether the district court granted relief. *See Clisby*, 960 F.2d at 935-36; *see also Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (*per curiam*) (holding that *Clisby* applies to motions to vacate under 28 U.S.C. § 2255). A "claim for relief" is defined as "any allegation of a constitutional violation." *Clisby*, 960 F.2d at 936. "[A]n allegation of one constitutional violation and an allegation of another constitutional violation constitute two distinct claims for relief, even if both allegations arise from the same alleged set of operative facts." *Id.* If a district court fails to address all of the claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.

At the outset, we note that Moultrie has abandoned any challenge under *Clisby*, that the district court failed to address whether his counsel failed to conduct a good-faith investigation of Moultrie's criminal history. "Issues not clearly raised

6

in the briefs are considered abandoned." *See Marek v. Singletary*, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) (declining to address issues raised in petition under 28 U.S.C. § 2254 that were not raised in initial brief on appeal). With respect to the other two ineffective-assistance-of-trial-counsel claims regarding his career offender enhancement and the sentence appeal waiver, while both the magistrate and the district court treated Moultrie's arguments as different articulations of the same underlying issue, their analysis was consistent with *Clisby* because they nonetheless addressed all of the alleged constitutional violations. Accordingly, for the above-stated reasons, we affirm the district court's order denying Moultrie's 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence.

**AFFIRMED.**