[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**JAN 30 2001**
**THOMAS K. KAHN**
**CLERK**

_____

No. 99-2301

_____

D. C. Docket No. 98-00302-CR-T-24C

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE PEASE,
a.k.a. Magic,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 30, 2001)**

Before BLACK, FAY and COX, Circuit Judges.

PER CURIAM:

Andre Pease pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. On appeal Pease challenges the district court's denial of his motion to withdraw his guilty plea, the district court's attribution of six kilograms of cocaine to Pease at the sentencing hearing, and the sufficiency of the indictment. Pease also claims that his thirty-year sentence runs afoul of the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 12 S. Ct. 2348 (2000). We affirm.

## I. FACTS AND PROCEDURAL HISTORY

Pease was charged by indictment with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and with possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Pease pleaded guilty to the conspiracy count pursuant to a written plea agreement containing a waiver of his right to appeal his sentence. At the plea hearing, the magistrate judge informed Pease that the district court would not be bound by any recommendations as to sentencing, that Pease was giving up his right to appeal his sentence either directly or collaterally, and that the charge to which he was pleading guilty carried a minimum mandatory sentence of ten years and a maximum sentence of life imprisonment.

The probation officer prepared a Presentence Investigation Report recommending that Pease be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 because Pease had prior convictions for delivery of cocaine and for resisting

2

arrest with violence. At the sentencing hearing Pease objected that his attorney had not advised him that he would be sentenced as a career offender, and asked for more time to consult with counsel. The district court continued the sentencing, and Pease filed a motion to withdraw his guilty plea. After an evidentiary hearing the district court denied Pease's motion.

## II. DISCUSSION

### A. The Motion to Withdraw Guilty Plea

Pease argues that the district court erred in denying his motion to withdraw the guilty plea. We will reverse a district court's denial of a motion to withdraw a guilty plea only if it is an abuse of discretion. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Pease maintains that he relied upon counsel's prediction that his potential sentence under the plea agreement would be anywhere from five to ten years.[1] In the calculation of Pease's potential sentence, Pease's attorney failed to uncover previous convictions for delivery of cocaine and for resisting arrest with violence. Pease argues that his counsel was ineffective, justifying the withdrawal of his guilty plea.

---

[1] Pease was sentenced as a career offender under the Guidelines to a term of 360 months imprisonment. *See* U.S.S.G. § 4B1.1.

In evaluating a defendant's motion to withdraw a guilty plea, the court must consider "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988). Pease argues generally that his plea was involuntary because he did not understand how severe the sentence under the plea agreement might be. However, it is clear from the transcript of the plea hearing that the magistrate judge repeatedly informed Pease he could not rely on his counsel's prediction of his sentence, that the crime to which he pleaded guilty had a mandatory minimum sentence of ten years and a maximum of life imprisonment, and ultimately that "the sentence actually imposed by the Court may be different from any estimate or prediction about [his] guideline sentence that anybody [had] provided [Pease], including [his] attorney." (R.2 at 18). Pease knew at the time he pleaded guilty that his sentence might be life imprisonment, a more severe sentence than he actually received.[2]

---

[2]  The magistrate judge's statements distinguish this case from *Esslinger v. Davis*, 44 F.3d 1515 (11th Cir. 1995), upon which Pease relies. Unlike in *Esslinger*, here the magistrate judge met the requirements of Federal Rule of Criminal Procedure 11(c)(1) by informing Pease of the statutory mandatory minimum and maximum penalties. *See Esslinger*, 44 F.3d at 1529 (noting failure of sentencing court to inform defendant of statutory mandatory minimum).

The crux of Pease's claim is that his counsel's ineffectiveness rendered his guilty plea involuntary. Pease essentially argues that reliance on his counsel's misrepresentations caused him to disregard the magistrate judge's explicit statements. To establish an ineffective assistance of counsel claim, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness" and that such failure prejudiced him in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064, 2068 (1984). In *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366 (1985), the Supreme Court held that "the two part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel," and that "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. at 58-59, 106 S. Ct. at 370-71.

We agree with the district court that Pease did not establish that his attorney's performance was deficient. Pease's attorney testified at the evidentiary hearing that his decidedly limited investigation of his client's criminal history included asking the defendant himself if he had prior convictions. As the district court noted, Pease's

5

attorney did not run a criminal records check but instead relied on Pease's representations.[3] While the limited scope of this investigation is certainly not laudatory, we cannot say as a matter of law that reliance on a client's statements is per se deficient performance. *Cf. Thomas v. United States*, 27 F.3d 321, 325 (8th Cir. 1994) (counsel's failure to inform client of possibility of sentence enhancement as career offender does not fall below objective standard of reasonableness). Rather, a determination of whether reliance on a client's statement of his own criminal history constitutes deficient performance depends on the peculiar facts and circumstances of each case. *Cf. United States v. Cowart*, 590 F.2d 603, 604 (5th Cir. 1979) (tactical defense decision, considering facts and circumstances, did not result in ineffective assistance of counsel). The district court did not err in determining that Pease did not establish that his attorney's performance was deficient.

## B. The Appeal Waiver and the Weight Attribution

Pease contests the district court's determination of the amount of drugs attributable to him for purposes of sentencing. Pease's plea agreement included an appeal waiver. Appeal waivers are valid if knowingly and voluntarily entered. *United States v. Bushert*, 997 F.2d 1343, 1351-52 (11th Cir. 1993). The voluntariness of

---

[3] Pease's attorney testified at the evidentiary hearing that Pease did not tell him of a prior conviction for resisting arrest with violence, and that he relied upon Mr. Pease's knowledge or recollection of his criminal history. (R.4-98 at 28).

Pease's waiver of his right to appeal is a legal issue that we review de novo. *Id*. at 1352.

At the plea hearing the magistrate judge specifically questioned Pease concerning the appeal waiver. (R.2 at 14-15). It is clear from the record that Pease knowingly and voluntarily waived the right to appeal his sentence in all but a limited number of circumstances not applicable here. Because the weight attribution falls squarely within the appeal waiver, Pease has waived his right to appeal this issue. *See Bushert*, 997 F.2d at 1351-52.

C. The Sufficiency of the Indictment

Pease also argues that the indictment was fatally defective in that it failed to set forth a specific beginning date for the alleged conspiracy, and that therefore his guilty plea cannot stand. Whether an indictment sufficiently alleges a statutorily proscribed offense is a question of law which this court reviews de novo. *United States v. Steele*, 178 F.3d 1230, 1233 (11th Cir.), *cert. denied*, 120 S. Ct. 335 (1999).

An indictment sufficiently charges an offense if it alleges the elements of the offense and fairly informs the defendant of the charge against which he must defend; it must also enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 2907 (1974). Here Pease argues that the indictment was not sufficiently

7

specific because it merely alleged an unknown start date for the term of the conspiracy, and therefore prevents him from pleading double jeopardy in future prosecutions.[4] A contention that the indictment lacked sufficient specificity is waived, however, if the defendant fails to raise it before entering a guilty plea. *See* Fed. R. Crim. P. 12(b)(2); *cf. United States v. Ollet*, 848 F.2d 1193, 1194-95 (11th Cir. 1988) (failure to raise challenge to open-ended conspiracy pre-trial waives claim). Pease did not raise the issue in the district court. Pease argues, however, that because of the vague start date the indictment fails to charge an offense, and therefore the issue is preserved. This is because the entry of a guilty plea does not act as a waiver of the objection that the indictment fails to charge an offense. *United States v. Bell*, 22 F.3d 274, 275 (11th Cir. 1994).

An indictment charging a conspiracy under 21 U.S.C. § 846 need not be as specific as an indictment charging a substantive count. *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983). It is sufficient if it alleges a conspiracy to distribute drugs, the time during which the conspiracy was operative, and the statute allegedly

---

[4]     The count to which Pease pleaded guilty reads "From an unknown date through on or about July 21, 1998, in the Middle District of Florida, and elsewhere, [Pease] did knowingly and willfully conspire and agree, together and with other persons both known and unknown to the Grand Jury, to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846." (R.1-7 at 1).

violated. *United States v. Marable*, 578 F.2d 151, 154 (5th Cir. 1978), *overruled on other grounds, United States v. Rodriguez*, 612 F.2d 906 (5th Cir. 1980) (en banc). Because Pease challenges the sufficiency of the indictment for the first time on appeal, the indictment must be held sufficient unless it is so defective that it does not, by any reasonable construction, charge the offense to which Pease pleaded guilty. *Cf. United States v. Trollinger*, 415 F.2d, 527, 528 (5th Cir. 1969) (applying rule to conviction following trial).

Notably, Pease does not contend that a defect in the charging instrument hampered his ability to prepare a defense. Assuming arguendo that Pease's contention is appropriately construed as a failure to charge an offense claim, and not a factual specificity claim, *see United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir. 1981) (distinguishing between failure to charge offense and factual specificity claims), the language of the indictment sufficiently informed Pease of the charge to which he pleaded guilty and will enable him to plead double jeopardy in any future prosecutions for the same offense. *United States v. Cole*, 755 F.2d 748, 759 (11th Cir. 1985).

D.  The *Apprendi* Issue

Pease also contends that his sentence of thirty years contravenes the rule established by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a

crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 120 S. Ct. at 2362-63.    Pease contends that because the indictment did not allege a specific quantity of cocaine, the maximum sentence to which he was exposed was that provided by 21 U.S.C. § 841(b)(1)(C). Because that section carries a statutory maximum of twenty years, Pease argues his thirty year sentence imposed on the basis of the district court's weight attribution of six kilos pursuant to 21 U.S.C. § 841(b)(1)(A) violates the rule of *Apprendi*.[5]

Pease raises the *Apprendi* issue for the first time on appeal, and we review for plain error. *See United States v. Swatzie*, 228 F.3d 1278, 1281 (11th Cir. 2000). Under plain error review, Pease must establish (1) error, (2) that is plain, and (3) that affect[s] substantial rights. *See id*. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id*. (quoting *Johnson v. United States*, 520 U.S. 461, 466-67, 117 S. Ct. 1544, 1548-49 (1997)).

---

[5]    Pease expressly waived the right to appeal his sentence either directly or collaterally on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines, provided that if the Government appealed the sentence, Pease was released from the waiver. (R.1-25 at 13-14). We assume without deciding that Pease's *Apprendi* issue falls outside the scope of this appeal waiver.

Pease argues correctly that drug quantity is an element of the offense in 21 U.S.C. §§ 841(b)(1)(A) and 841(b)(1)(B) cases that must be charged in the indictment and proven to a jury beyond a reasonable doubt.[6] *See United States v. Rogers*, 228 F.3d 1318, 1324 (11th Cir. 2000). Thus, concluding that Pease has satisfied the first two elements of the plain error test by showing that there was error and that it was plain, we must decide whether Pease has shown that the error affects substantial rights. We conclude that he has not.

Pease notes that the amount of cocaine involved in the offense was disputed at sentencing. However, Pease has never contended that he conspired to distribute less than 500 grams.[7] In fact, in both his plea agreement and during the plea colloquy Pease admitted that he had accepted delivery of three kilograms of cocaine. (R.1-25 at16; R.2 at 23). Under 21 U.S.C. § 841(b)(1)(B), conspiracy to distribute this quantity of cocaine is punished with a statutory range of from five to forty years. Because the district court sentenced Pease to only thirty years, ten years less than the

---

[6]    Pease pleaded guilty to a drug conspiracy pursuant to 21 U.S.C. § 846. Statutory sentences for drug conspiracies are set forth in 21 U.S.C. § 841.

[7]    21 U.S.C. § 841(b)(1)(B), applicable to the criminal offense of conspiracy to distribute 500 grams or more of cocaine, provides a statutory range of from five to forty years, whereas 21 U.S.C. § 841(b)(1)(C), which has no threshold requirement, provides a statutory maximum of twenty years. Naturally, distribution of an amount greater than 500 grams makes the offender subject to the section 841(b)(1)(B) range.

statutory maximum for conspiracy to distribute the quantity admitted, Pease cannot show that the error affects substantial rights. *See Swatzie*, 228 F.3d at 1283.

## III.    CONCLUSION

For the foregoing reasons, Pease's conviction and sentence are affirmed.

AFFIRMED.