**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jay Allen BATES, Jr., Defendant–Appellant.**

**No. 00–5095.**

United States Court of Appeals, Sixth Circuit.

Aug. 21, 2001.

Before KRUPANSKY, SUHRHEINRICH and SILER, Circuit Judges.

PER CURIAM.

Defendant, Jay Allen Bates, Jr., appeals the sentence on his guilty plea, entered pursuant to a plea agreement, to conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). He asserts that the decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders the indictment defective because it did not allege the drug quantity that the district court relied upon during sentencing and that the drug quantity was

not established beyond a reasonable doubt. He also argues that the district court erred with regard to the length of supervised release that was imposed. For the reasons stated hereafter, we affirm.

## BACKGROUND

In August 1996, Bates and codefendant, William Devon Mathis, arrived in Knoxville by bus from Atlanta. DEA Agents Poag and Camp approached them, identified themselves as law enforcement agents and obtained consent from both men to search the separate bags they carried. Poag found 13.9 grams of cocaine hydrochloride and 52.3 grams of crack cocaine in Bates's bag.

After being indicted, Bates entered into a plea agreement, admitting his guilt to count one of the indictment in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A),[1] in exchange for a downward departure if he provided the government with substantial assistance. Attached to the plea agreement was a factual basis in which Bates admitted the possession of 13.9 grams of cocaine hydrochloride and 52.3 grams of crack cocaine. He further admitted that he was aware that the drugs were being transported for the purpose of distribution. At sentencing and while under oath, Bates reaffirmed the factual basis, that he was aware of the maximum penalty of life, and that he had two prior felony drug convictions. The district court departed downward and sentenced Bates to a term of 262 months to be followed by five years of supervised release.

## STANDARD OF REVIEW

In *United States v. Stafford,* 258 F.3d 465 (6th Cir.2001), we applied plain error review to the defendant's *Apprendi* challenge, raised for the first time on appeal, which was based, in part, upon the failure of the indictment to allege the specific quantity of drugs involved in the offense. As is the case here, Stafford admitted to the quantity of drugs in his plea agreement and did not object to the use of the admitted quantity at sentencing. *See id.* at 467.

## DISCUSSION

■ Bates relies upon *Apprendi,* to argue that the district court erred in his sentence because the amount of drugs and his two prior drug convictions were not alleged in the indictment or established beyond a reasonable doubt. He further argues that *United States v. Ramirez,* 242 F.3d 348 (6th Cir.2001), suggests that he stands convicted of only 21 U.S.C. § 841(b)(1)(C).

Part of our recent decision in *Stafford* appears to be on all fours with the drug quantity issue presented in this case. Thus, we will quote the *Stafford* court's resolution of the issue at length, as follows:

> Next, Defendant suggests that the indictment in this case fails to survive scrutiny under *Apprendi,* because it is silent as to type or quantity of cocaine. To be sure, certain language in *Apprendi* supports this proposition, such as the Court's statement that, "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi,* 120 S.Ct. at 2355 (quoting *Jones v. United States,*

---

1. The indictment did not mention the defendant's two prior convictions or any specific amounts of cocaine he would be responsible for. However, the appropriate statutory section was italicized at the bottom of count one in his indictment.

526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)).

\* \* \* \* \* \*

We have yet to squarely address this issue, and we need not do so here. Under the standards governing this appeal, even if a purported defect in the indictment were deemed to rise to the level of plain error, we still would have to inquire whether this error "affects substantial rights." Under similar circumstances, the First Circuit recently held that *a defendant's substantial rights were not affected by an indictment which lacked any reference to a specific amount of drugs, where the defendant had admitted to a quantity of drugs in a plea agreement. See United States v. Duarte,* 246 F.3d 56, 62–64 (1st Cir. 2001).... The [*Duarte*] Court further observed that the maximum penalties set forth in the plea agreement, and the defendant's acknowledgment in this agreement that his guilty plea exposed him to these maximum penalties, provided "fair warning" of the Government's intention to seek a sentence beyond the default statutory maximum for an unspecified amount of drugs. 246 F.3d at 62–63.

In another case involving an *Apprendi*-based challenge to a guilty plea, the Eleventh Circuit likewise agreed that the defendant might well have satisfied the first two prongs of the plain error standard, but nevertheless concluded that no substantial rights were affected through this error. *See United States v. Pease,* 240 F.3d 938, 943–44 (11th Cir. 2001). The Court found that the defendant's admission as to drug quantity overcame any error in the omission of this information from the indictment ....

The reasoning of *Pease* and *Duarte* applies with full force here. We already have found that Defendant effectively admitted the types and quantities of cocaine involved in the charged drug offense, both through his own affirmative statements, and by virtue of his failure to challenge the Government's statements at the change-of-plea hearing and in the PSIR.

*Id.* at 477 (footnotes and citations omitted, emphasis added).

██ Here, Bates signed a plea agreement that contained a factual basis in which he admitted the quantity of drugs involved. He pleaded guilty to §§ 846, 841(b)(1)(A) which corresponds with the quantity of drugs he admitted to possessing. The drug quantity and his two previous convictions [2] made him eligible for a mandatory term of life imprisonment under 21 U.S.C. 841(b)(1)(A). He was sentenced to a term less than the applicable maximum, as occurred in *Pease.* Thus, pursuant to *Stafford,* Bates's *Apprendi* claim is without merit.

Even if we accepted Bates's position that he could only be sentenced under § 841(b)(1)(C), we could not conclude that plain error occurred, as § 841(b)(1)(C) provides a maximum sentence of thirty years if the defendant has a prior felony drug conviction. Bates has prior felony drug convictions and was sentenced to a term less than this applicable maximum.

Because we cannot conclude that the district court committed plain error by sentencing Bates under § 841(b)(1)(A), his

---

**2.** As noted above, Bates' prior convictions were not alleged in the indictment; however, the failure of the indictment to allege prior convictions that serve to enhance the penalty for a crime does not run afoul of *Apprendi. See Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348

("*Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added).

five year term of supervised release was likewise proper. Again, even if we were to accept his argument that § 841(b)(1)(C) were applicable, his term of supervised release would be appropriate as this subsection provides for a mandatory minimum term of supervised release of six years when a defendant, like Bates, has been convicted of a prior drug felony.

Bates recognizes that this court lacks jurisdiction over appeals contesting the extent of a downward departure, *see United States v.. Nesbitt,* 90 F.3d 164, 166 (6th Cir.1996), and, therefore, we will not address this argument.

AFFIRMED.