[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 3, 2005
THOMAS K. KAHN
CLERK

No. 04-11329
Non-Argument Calendar

_____

D. C. Docket No. 03-00332-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RESTREPO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 3, 2005)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of United States v.

Booker, 543 U.S. __, 125 S. Ct. 738, __ L. Ed. 2d __ (2005). We previously affirmed Appellant Restrepo's 210-month sentence for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 960(b)(1)(B)(ii). See United States v. Restrepo, Case No. 04-11329, 125 Fed. Appx. 976 (11th Cir. 2004) (Table) ("Restrepo I"). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of Booker.

In his initial brief, Restrepo argued, inter alia, that the district court erred at sentencing by adjusting his criminal history category after finding he was on parole at the time he committed the instant offense. More specifically, Restepo asserted that he was entitled to a jury finding on this fact, pursuant Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). In a footnote, we assumed, without deciding, that Restrepo's Blakely challenge was outside the scope of the appeal waiver in his plea agreement. See United States v. Pease, 240 F.3d 938, 943 n.5 (11th Cir. 2001) (noting that defendant had waived his right to appeal, and assuming, without deciding, that his Apprendi challenge fell outside the scope of the waiver). Reviewing the claim for plain error, we held that Restrepo could not establish that the alleged error was "obvious" or "clear under current law." We noted that, at the time of our opinion in this case, we had held it was not "obvious from Blakely that the case would apply to render

2

unconstitutional judicial fact finding leading to sentence enhancement under the Federal Sentencing Guidelines." See United States v. Duncan, 381 F.3d 1070, 1073 (11th Cir. 2004), vacated and superseded, 400 F.3d 1297 (11th Cir. 2005).

The Supreme Court subsequently extended its holding in Blakely to the Federal Sentencing Guidelines in Booker, holding that there was no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue in Blakely. Booker, 125 S. Ct. at 749. "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756. In addition, because the mandatory nature of the Guidelines implicated the Sixth Amendment right to a jury trial, the Supreme Court made the Guidelines effectively advisory. Id. at 757.

In this case, Restrepo signed a written plea agreement, thereby waiving his right to appeal his sentence, "directly or collaterally, on any ground . . . except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines." In our first opinion, we noted the following:

At the plea colloquy hearing, the magistrate judge carefully reviewed the foregoing provisions with Restrepo and specifically detailed the effect of the sentence-appeal waiver, stating, <u>inter</u> <u>alia</u>: "by this language [an illegal sentence or an upward departure] are the only two ways that you could initiate an appeal. The only other way that you might be able to appeal would be if the prosecutor appeals and then, this says that you would have a right to appeal, as well." The magistrate judge also told Restrepo: "what this provision does when you show up at sentencing, if the Judge calculates your guidelines at a particular level, and then sentences you within that range, you will not be able to appeal that sentence, even if it is worse, harsher, longer than you anticipated, as long as it's a lawful sentence." The magistrate judge asked Restrepo if he understood the appeal waiver and he responded that he did.

<u>Restrepo I</u> at 3. We previously concluded that Restrepo's plea agreement, including the appeal-waiver provision, was made knowingly and voluntarily. <u>Id.</u> at 4-5. The appeal waiver included a waiver of the right to challenge his sentence based on <u>Booker</u> error. <u>See</u> <u>United States v. Rubbo</u>, 396 F.3d 1330, 1335 (11th Cir. 2005) ("[T]he right to appeal a sentence based on <u>Apprendi /Booker</u> grounds can be waived in a plea agreement. Broad waiver language covers those grounds of appeal."). Accordingly, we reinstate our previous opinion in this case affirming Restrepo's conviction.

**AFFIRMED.**

4