[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10642
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2010
JOHN LEY
CLERK

D.C. Docket No. 3:09-cr-00142-MEF-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHICO UNTRAS MORGAN

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Alabama

_____

(October 1, 2010)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

After pleading guilty, Chico Untras Morgan appeals his conviction for distributing fifty or more grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). Morgan argues that the district court erred in denying his motion to withdraw his guilty plea. After review, we affirm.

## I. BACKGROUND

### A. Plea Agreement

A grand jury indicted Morgan on two counts of distributing over five grams of cocaine base (Counts 1 and 2), and one count of distributing over fifty grams of cocaine base (Count 3), in violation of 21 U.S.C. § 841(a)(1). Morgan initially entered a not guilty plea.

During plea negotiations, Morgan's counsel, Collins Pettaway, Jr., and the prosecutor, W. Brent Woodall, discussed the fact that Morgan had a 1995 Alabama conviction for unlawful possession of cocaine. Prosecutor Woodall maintained that this prior Alabama conviction subjected Morgan to a mandatory minimum twenty-year sentence. See 21 U.S.C. § 841(b)(1)(A) (providing a term of imprisonment of no less than ten years unless the defendant committed the offense "after a prior conviction for a felony drug offense has become final," in which case the term of imprisonment is no less than twenty years). After consulting with the probation office, however, defense counsel Pettaway believed

2

the prior Alabama conviction would not affect Morgan's mandatory minimum sentence because Morgan had received a pardon.

On October 6, 2009, Morgan filed a notice of his intent to change his plea to guilty, and the district court set a plea hearing for 2:00 pm on October 8, 2009.

On the morning of October 8, 2009, Woodall emailed Pettaway the final proposed plea agreement. Under the plea agreement, Morgan agreed to plead guilty to Count 3 in exchange for the government's promise to dismiss Counts 1 and 2. The plea agreement specified that if Morgan had a prior felony drug conviction, he would be subject to a twenty-year minimum prison term in accordance with 21 U.S.C. § 851, but if not, Morgan would be subject to a ten-year minimum prison term.

The plea agreement also stated that Morgan understood, inter alia, that: (1) the probation office would prepare a Presentence Investigation Report ("PSI") with guidelines calculations; (2) the PSI's guidelines calculations might differ from the projections of defense counsel and the government; (3) the sentencing guidelines are advisory; (4) the district court was not bound by the parties' understanding of the guidelines calculations; and (5) the district court "is required to consider any applicable sentencing guidelines but may depart from these

guidelines under some circumstances." Finally, the plea agreement contained an appeal waiver in which Morgan agreed to waive his right to appeal his sentence.

On the same day, the government filed an information, pursuant to 21 U.S.C. § 851, advising Morgan that he was subject to increased punishment based on his prior Alabama conviction. Before the plea hearing began, Woodall gave Pettaway a copy of the § 851 information. Pettaway then met with Defendant Morgan at the counsel table and reviewed the plea agreement and § 851 information with him. Ultimately, Morgan signed the plea agreement.

**B.    Plea Hearing on October 8, 2009**

During the plea colloquy, Defendant Morgan indicated that he had read and discussed the plea agreement with his counsel Pettaway before signing it and was satisfied with Pettaway's representation. Additionally, Morgan: (1) affirmed that the plea agreement contained the only agreement he had reached with the government, and that he had received no promises or assurances that were not contained in the agreement; (2) told the court that he was pleading guilty voluntarily and because he was guilty; (3) acknowledged his understanding that he faced a term of imprisonment from twenty years to life if he had a prior felony drug conviction, or ten years to life without such a conviction; (4) acknowledged that the court might ultimately impose a sentence different than any estimate his

4

attorney had given him; and (5) admitted that he knowingly, intentionally, and willfully possessed over fifty grams of crack cocaine with the intent to distribute it. The court accepted the plea agreement, found that Morgan's plea was knowing and voluntary and adjudicated Morgan guilty.

## C.     PSI

The PSI, prepared November 3, 2009 and revised December 1, 2009, calculated a total offense level of 27 and a criminal history category of III (which included Morgan's 1995 Alabama conviction for possession of cocaine). As a result, the PSI initially calculated an advisory guidelines range of 87 to 108 months' imprisonment. Because the statutory mandatory minimum for Morgan's offense was twenty years, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851, the PSI noted that Morgan's advisory guidelines range became 240 months, pursuant to U.S.S.G. § 5G1.1(b). Morgan did not file objections to the PSI. However, Morgan did retain an additional lawyer, Susan James, to represent him.

## D.     Motion to Withdraw Guilty Plea

On January 20, 2010, Morgan's counsel James filed a motion to withdraw his guilty plea.[1] Morgan argued that he had entered his plea based on Pettaway's

---

[1]According to the docket, Pettaway did not file a motion to withdraw, and James entered an appearance on January 11, 2009.

assurances that the mandatory minimum sentence was ten years and that the prior Alabama conviction supporting the government's § 851 enhancement was invalid due to Morgan's pardon.  Morgan's counsel James also filed an objection to the § 851 enhancement, arguing, <u>inter alia</u>, that because his plea was induced by Pettaway's erroneous advice as to the effect of his prior Alabama conviction on his sentence, the prior conviction should not be used to enhance his sentence.[2]

## E.    Sentencing Hearing

At the sentencing hearing, the district court first addressed Morgan's motion to withdraw his guilty plea and heard from Morgan, Pettaway and two prosecutors. Morgan agreed to waive the attorney-client privilege for purposes of his motion to withdraw.

Pettaway explained that he mistakenly believed that a pardoned (but not expunged) conviction could not support the § 851 enhancement.  Before the plea hearing, Pettaway explained to Morgan "all the possibilities," and discussed with Morgan that if the prior Alabama conviction was included in calculating his sentence, he faced a minimum twenty-year sentence.  Pettaway showed Morgan

---

[2]Morgan's objection to the § 851 enhancement did not argue that Morgan's pardoned Alabama conviction could not support the § 851 enhancement.  Indeed, in this Court, the parties seem to agree that the pardoned Alabama conviction qualified Morgan for the § 851 enhancement.  Because the parties do not dispute this point, we assume <u>arguendo</u> that Morgan's pardoned Alabama conviction supported the § 851 enhancement.

the government's § 851 information, told Morgan he thought the government was "being a little unfair" and was "trying to pile on" Morgan, but advised Morgan that the "pardon should help [him.]" While they talked, Pettaway scratched out the portion of the plea agreement that contained the reference to the mandatory minimum twenty-year sentence, telling Pettaway that he "didn't think that this would apply because of that pardon."[3] Although Pettaway believed the pardon would avoid the twenty-year mandatory minimum, he was careful not to "talk in absolutes" and qualified his statements.

After being sworn, Defendant Morgan testified that he was unaware of the § 851 enhancement until he received the PSI and that he would not have pled guilty if he had "known about the 851 and understood what was going on." Morgan did not dispute that Pettaway reviewed the plea agreement and § 851 information with him before the plea hearing. Morgan, however, stated, "I don't know if he just wasn't on the right page or maybe - - because - - every time I went to court, there was papers thrown in front of me, and I didn't get [a] chance to just

---

[3]Pettaway's scratched-out copy of the plea agreement was not the copy Morgan signed. Although the signed plea agreement contains several hand-written alterations initialed by both Defendant Morgan and prosecutor Woodall, the provision advising of a possible twenty-year mandatory minimum sentence is unaltered.

Further, Pettaway explained that he considered asking Woodall to revise the plea agreement to remove this language, but decided that it was "the statutory language, and . . . that would go in the plea. If he had a prior, that would apply."

7

really look over the papers." Morgan said that, although he told the magistrate judge he understood the terms of the plea agreement, he did not really understand them and "didn't even really know it was a plea agreement." Morgan admitted signing the plea agreement, but said he did not read it because "it was just papers in front of [him], and [he] was just told to sign the papers, so that's what [he] did." Morgan recalled the magistrate judge advising him at the plea hearing that if he had a prior felony conviction, he faced a twenty-year minimum sentence. However, at the time, Morgan was relying on Pettaway's assurances that the pardoned conviction would not affect his sentence.

Prosecutors Woodall and Todd Brown advised the district court that they discussed with Pettaway the possible effect of Defendant Morgan's prior Alabama conviction on his sentence several times in the weeks leading up to the plea hearing. Prosecutor Brown explained that plea negotiations with Morgan were complicated by the murder of a cooperating witness who was expected to testify in several drug cases, including Morgan's case.[4] During plea negotiations, the parties discussed the applicable mandatory minimum sentence and the possibility of a downward departure for substantial assistance. Prosecutors Woodall and

---

[4]Prosecutor Brown was involved in the plea negotiations because he was the prosecutor assigned to the murder investigation.

Brown took the position that Morgan's cooperation would need to include any knowledge he had of the cooperating witness's murder. Woodall explained to defense counsel Pettaway that without full cooperation, Morgan's statutory minimum sentence would be twenty years.

The district court orally denied Morgan's motion to withdraw his guilty plea. The court found that Morgan had close assistance of counsel, that the magistrate judge ensured that Morgan's plea was knowing and voluntary and that Morgan intelligently waived his rights and was advised that his sentencing range would be twenty years to life if he had a prior felony drug conviction. The district court noted that: (1) Morgan told the magistrate judge he had not been promised or assured anything other than what was in the plea agreement, and (2) the executed plea agreement did not have any crossed-out language concerning the twenty-year mandatory minimum. Citing United States v. Pease, 240 F.3d 938 (11th Cir. 2001), the district court concluded that Morgan had not provided a fair and just reason for withdrawing his guilty plea. The district court stressed that it had listened to Morgan's testimony as to what he did or did not understand and observed his demeanor. The district court found that "if [Morgan] did not understand, it had to be a conscious, intentional decision on [his] part to ignore all

9

of the things that were provided to [him] to give [him] that total knowledge of the sentence that [he was] facing."

After a brief recess, the district court proceeded to sentence Morgan. The district court overruled Morgan's objection to the § 851 enhancement for the same reasons he denied Morgan's motion to withdraw his guilty plea. The district court adopted the PSI's factual statements and guidelines calculations, and imposed the mandatory minimum twenty-year sentence on Count 3. Morgan filed this appeal.

## II. DISCUSSION

After the district court has accepted a guilty plea and before sentencing, the defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). To determine whether a defendant has shown a fair and just reason for withdrawal, we consider the totality of the circumstances surrounding the plea, including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988).

(citation omitted).  The district court decides the good faith, credibility, and weight due a defendant's assertions in support of a motion to withdraw his plea.  Id.[5]

On appeal, Morgan argues that his attorney Pettaway's misunderstanding as to the effect of Morgan's pardoned conviction on his mandatory minimum sentence provides a fair and just reason for withdrawing his plea.[6]  Morgan's argument focuses on only one of the Buckles factors – the voluntariness of his plea.  Morgan contends that his guilty plea was not knowing and voluntary because he relied upon his attorney's erroneous representations that his pardoned Alabama conviction would not increase his mandatory minimum sentence to twenty years.[7]

The problem for Morgan is that both his plea agreement and the plea colloquy clearly establish that Morgan understood at the time of his guilty plea

---

[5]We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion.  United States v. Pease, 240 F.3d 938, 940 (11th Cir. 2001).  The district court's decision is not an abuse of discretion unless it is "arbitrary or unreasonable."  Buckles, 843 F.2d at 471.

[6]We disagree with the government's contention that Morgan raises a separate claim for ineffective assistance of counsel on direct appeal.  Morgan's arguments about Pettaway's performance are made solely in relation to his claim that his plea was involuntary and should have been withdrawn.

[7]Morgan's reliance on Santobello v. New York, is misplaced.  Morgan has never claimed that his guilty plea was induced by a promise from the prosecutor.  See Santobello, 404 U.S. 257, 92 S. Ct. 495 (1971) (concluding defendant should have been allowed to withdraw guilty plea where prosecutor breached promise made in plea negotiations not to make a sentencing recommendation).

11

that his attorney's prediction of his sentence was not a guarantee and that the district court had the discretion to impose a sentence up to the statutory maximum of life imprisonment. The plea agreement and the plea colloquy also advised Morgan that he would be subject to the twenty-year mandatory minimum prison term if he had a prior felony drug conviction. Although Pettaway told Morgan he thought Morgan could avoid the twenty-year mandatory minimum, Pettaway did not talk in absolute terms, was careful to qualify his advice and made sure Morgan knew all the possible consequences of pleading guilty, including the fact that if his prior Alabama conviction were counted, he faced a mandatory minimum twenty-year sentence. Further, Morgan told the magistrate judge that he had not relied on any assurances that were not contained in the plea agreement. And importantly, the district court made, in effect, this credibility finding: "if [Morgan] did not understand, it had to be a conscious, intentional decision on [his] part to ignore all of the things that were provided to [him] to give [him] that total knowledge of the sentence that [he was] facing." Under the totality of the circumstances, Morgan's attorney's erroneous prediction as to Morgan's mandatory minimum sentence does not provide a fair and just reason for withdrawing Morgan's plea. See United States v. Pease, 240 F.3d 938, 940-41 (11th Cir. 2001) (affirming denial of motion to withdraw guilty plea where defense counsel failed to uncover prior felony

convictions qualifying defendant as a career offender and, as a result, wrongly predicted defendant's sentence because plea agreement and plea colloquy advised defendant he could not rely on defense counsel's prediction of sentence and sentencing court could impose sentence of up to life imprisonment). Accordingly, the district court did not abuse its discretion in denying Morgan's motion to withdraw his guilty plea.

**AFFIRMED.**