[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15596
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00007-LGW-JEG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDOLPH V. ORANGE,
a.k.a. Big,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 26, 2013)

Before DUBINA, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Rudolph Orange ("Orange") appeals his conviction and sentence

for possession of cocaine with intent to distribute, in violation of 21 U.S.C.

§§ 841(a)(1) and 846.  Orange argues that the district court abused its discretion by

denying his motion to withdraw his guilty plea because his plea counsel was ineffective. He also contends that his sentence was substantively unreasonable. Finally, Orange filed a motion to remand this case to the district court because of an intervening change in law. For the reasons that follow, we affirm Orange's conviction and sentence and deny Orange's motion to remand.

I.

A federal grand jury indicted Orange on three counts: (1) conspiracy to possess with intent to distribute 280 grams or more of crack cocaine; (2) possession with intent to distribute 280 grams or more of crack cocaine; and (3) aiding and abetting the distribution of crack cocaine. Under the representation of court-appointed counsel, Orange agreed to plead guilty to the lesser included offense of possession with intent to distribute more than 28 grams of crack cocaine, pursuant to a written plea agreement. The plea agreement included a limited appeal waiver, which provided that Orange waive the right to appeal his conviction and sentence except on the ground that his sentence exceeded the statutory maximum or his sentence was higher than the advisory sentencing guideline range.

During the Rule 11 hearing, the district court explained the burden of proof, the presumption of innocence, Orange's right to an attorney, his right to plead not guilty, his right to a jury trial, and the rights associated with trial. The district court

also stated that by pleading guilty, Orange was waiving those rights.  The district court informed Orange that the penalty could be between 5 and 40 years' imprisonment and explained that any promise or estimation of Orange's sentence was not binding on the court.  Finally, the district court explained the significance of the appeal waiver contained in the plea agreement.  The district court then asked Orange if he understood the rights he was giving up, the potential penalty he faced, and the effect of the appeal waiver.  Orange stated that he did.  The district court thereafter concluded that Orange's guilty plea was made knowingly and voluntarily.

After his Rule 11 plea colloquy, Orange entered a plea of guilty.  Following issuance of an initial presentence investigation report, which reflected his advisory guidelines range, Orange wrote to the district court requesting to withdraw his guilty plea due to ineffective assistance of counsel and to be appointed new counsel.  The district court eventually appointed new counsel but declined to rule definitively on the issue of counsel's performance.  After a separate hearing on Orange's motion to withdraw his guilty plea, the district court denied the motion.  Later, the court sentenced him to serve 324 months' imprisonment.  This appeal followed.

II.

"We review the denial of a request to withdraw a guilty plea for abuse of discretion." *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (internal quotation marks omitted). "There is no abuse of discretion unless the denial is arbitrary or unreasonable." *Id.* (internal quotation marks omitted).

We review a defendant's waiver of his right to appeal his sentence *de novo*. *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). Finally, we review the district court's sentence for abuse of discretion. *See United States v. Irey*, 612 F.3d 1160, 1188 (11th Cir. 2010).

## III.

First, Orange contends that the district court abused its discretion in failing to grant his request to withdraw his guilty plea. There is no absolute right to withdraw a guilty plea before imposition of a sentence, and the decision is left to the sound discretion of the district court. *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988). After a district court has accepted a plea and before sentencing, a defendant may withdraw a guilty plea if he can demonstrate "a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). The district court should consider the totality of the circumstances surrounding the plea, including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant

4

were allowed to withdraw his plea." *Buckles*, 843 F.2d at 471–72 (citation omitted).  We have held that failure to advise a defendant of his eligibility as a career offender is not *per se* deficient and must be determined by the facts and circumstances of the case.  *United States v. Pease*, 240 F.3d 938, 941–42 (11th Cir. 2001) (affirming the denial of a motion to withdraw a guilty plea although counsel misrepresented the defendant's potential sentence because the defendant was informed at the plea colloquy that any sentencing estimate was not binding on the court).

We conclude from the record that the district court did not abuse its discretion in refusing Orange's request to withdraw his guilty plea.  The district court made specific findings that:  (1) he had the close assistance of counsel; (2) his plea was both knowing and voluntary; (3) permitting withdrawal would not conserve judicial resources; and (4) withdrawal would create some prejudice for the government.  Furthermore, the record reflects that before entering his plea, Orange understood his sentence could be anywhere between 5 and 40 years.  He also swore, under oath, that no one promised him an exact sentence and that he understood that any representations about his sentence were just estimates and not binding upon the court.  In sum, there is no merit to any of Orange's arguments as to this issue.

IV.

5

Orange also argues that his sentence was substantively unreasonable, but his argument is foreclosed by the enforceable appeal waiver in his plea agreement. An appeal waiver contained in a plea agreement must be knowing and voluntary to be effective. *Bushert*, 997 F.2d at 1350. An appeal waiver is made knowingly and voluntarily if: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [Rule 11] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351.

The district court adequately and specifically addressed the sentence appeal waiver at the Rule 11 hearing. Orange stated that he understood the rights he was waiving and still wished to plead guilty. The record demonstrates that this waiver was knowing and voluntary, and therefore, Orange may not challenge the reasonableness of his below-guideline range sentence here.

V.

Accordingly, upon review of the record and the parties' briefs, we affirm Orange's conviction and sentence.

**AFFIRMED.**[1]

---

[1] Orange also filed a motion to remand in light of the recent Supreme Court decision *Peugh v. United States*, -- U.S. --, 133 S. Ct. 2072 (2013). *Peugh* is inapplicable to this case because Orange's guideline range would be the same whether he was sentenced under the version of the guidelines in effect when he committed the crime or at the time of sentencing. Therefore, we deny the motion to remand.