**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher Maurice NORMAN,**
**Defendant–Appellant.**

**No. 14–11973**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 9, 2016.

Michelle Lee Schieber, Tamara A. Jarrett, Michael J. Moore, U.S. Attorney, U.S. Attorney's Office, Macon, GA, for Plaintiff-Appellee.

Kim Thomas Stephens, Law Offices of Kim T. Stephens, LLC, Athens, GA, for Defendant–Appellant.

Christopher Maurice Norman, Bennettsville, SC, pro se.

Before WILLIAM PRYOR, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Christopher Norman appeals the denial of his motion to withdraw his guilty plea and his sentence of imprisonment for 150 months. Norman argues that the district court abused its discretion by denying his motion to withdraw his guilty plea because counsel incorrectly estimated his sentencing guideline range. He also argues that the district court erred by classifying him as a career offender, U.S.S.G. § 4B1.1(c)(3). We affirm.

We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Buckles,* 843 F.2d 469, 471 (11th Cir.1988). And we review the application and interpretation of the Sentencing Guidelines *de novo* and any underlying findings of fact for clear error. *United States v. Elliot,* 732 F.3d 1307, 1310 (11th Cir.2013).

The district court did not abuse its discretion when it denied Norman's motion to withdraw his plea of guilt. Norman was required to establish that there was a "fair and just reason" for doing so. Fed. R.Crim.P. 11(d)(2)(B). In pleading guilty, Norman had the close assistance of counsel, and district court was entitled to find that his plea was knowing and voluntary. *Buckles,* 843 F.2d at 471–72; *United States v. Gonzalez–Mercado,* 808 F.2d 796, 801 (11th Cir.1987). Norman's statements under oath during his plea colloquy also enjoy a strong presumption of truthfulness. *United States v. Medlock,* 12 F.3d 185, 187 (11th Cir.1994). Norman stated under oath that he understood that he should not plead guilty based on any estimate that anyone had given him about the sentencing guideline range that would apply to him. His counsel's prediction of his potential sentence did not establish a fair and just reason for withdrawing his plea of guilt. *United States v. Pease,* 240 F.3d 938, 940–41 (11th Cir.2001).

Norman also concedes that his argument about whether the district court should have classified him as a career offender is foreclosed by our binding precedents, *United States v. Jones,* 910 F.2d 760, 761 (11th Cir.1990); *United States v. Tamayo,* 80 F.3d 1514, 1522 (11th Cir.1996); *United States v. Elliot,* 732 F.3d 1307, 1310–12 (11th Cir.2013).

Accordingly, we affirm.

**AFFIRMED.**