[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13404
Non-Argument Calendar
_____

D.C. Docket No. 8:98-cr-00302-SCB-TGW-3

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ANDRE PEASE,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 8, 2020)

Before GRANT, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Andre Pease, proceeding pro se, appeals the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, and the denial of his motion for reconsideration. After a careful review of the record and the parties' briefs, we affirm.

I.

In 1998, Pease entered a guilty plea, pursuant to a written plea agreement, to one count of conspiring to distribute cocaine. The plea agreement contained a provision waiving Pease's right to appeal his sentence except in the case of an upward departure from the Sentencing Guidelines range, a sentence above the statutory maximum, a sentence in violation of the law apart from the Sentencing Guidelines, or an appeal by the government challenging the sentence imposed. Although the factual basis in the plea agreement stated that Pease possessed with the intent to distribute three kilograms of cocaine, the agreement also stated that Pease's offense was punishable by a mandatory minimum of ten years and a maximum of life in prison, corresponding to the penalties for distribution of 5 kilograms or more of cocaine. *See* 18 U.S.C. § 841(b)(1)(A)(ii) (1996).

Prior to sentencing, the probation officer prepared a presentence investigation report (PSR) stating that Pease was responsible for at least 150 kilograms of cocaine, based on his participation in the charged conspiracy since 1993 or 1994. The PSR also stated that Pease should be sentenced as a career

2

offender under U.S.S.G. § 4B1.1 because he had two qualifying prior felony convictions.

Pease objected to the PSR's drug-quantity determination and to his classification as a career offender. The district court sustained Pease's drug-quantity objection in part, finding that he was responsible for only six kilograms of cocaine. Based on that finding, the district court determined that Pease's statutory sentencing range was ten years to life in prison followed by at least five years' supervised release. But the court agreed with the probation officer's conclusion that Pease qualified as a career offender under the Sentencing Guidelines.

If the district court had used the Guidelines drug-quantity table in § 2D1.1(c) to calculate Pease's Guidelines range, Pease's base offense level for an offense involving six kilograms of cocaine would have been 32, and with a four-level leadership-role enhancement, his total offense level would have been 36. *See* U.S.S.G. §§ 2D1.1(c), 3B1.1(a) (1997). But because Pease was a career offender, the district court used the career-offender guideline (§ 4B1.1). With a statutory maximum sentence of life, Pease's total offense level under the career-offender guideline was 37, and his criminal history category was VI. *Id.* § 4B1.1. His corresponding Sentencing Guidelines range was 360 months to life. *Id.* Ch. 5, Pt. A, Sentencing Table. The district court sentenced Pease to 360 months in prison, followed by five years of supervised release.

Pease appealed his sentence, and we affirmed. *United States v. Pease*, 240 F.3d 938 (11th Cir. 2001). In his direct appeal, Pease challenged the district court's factual finding that he was responsible for six kilograms of cocaine. We rejected that challenge because it was barred by the appeal waiver in Pease's plea agreement. *Id.* at 942.

Pease also argued that the district court's use of the six-kilogram amount found by the court at sentencing—rather than the unspecified amount alleged in the indictment—to determine his statutory sentencing range violated the rule established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[1] 530 U.S. at 490. We agreed that under *Apprendi*, drug quantity was an element of Pease's drug-trafficking offense that the court should have required the government to prove to the jury beyond a reasonable doubt if not admitted by Pease. *Pease*, 240 F.3d at 943–44. But we concluded that Pease had not shown that the district court's *Apprendi* error affected his substantial rights, as required to meet the plain-error standard, because Pease's 30-year sentence was

---

[1] We assumed without deciding that Pease's *Apprendi* argument was not barred by his appeal waiver. *Pease*, 240 F.3d at 943 n.5.

below the statutory maximum (40 years) that would have applied based on the three-kilogram purchase that Pease admitted as part of his guilty plea. *Id.* at 944.

In 2019, Pease filed a motion pursuant to 18 U.S.C. § 3582(c)(2), seeking the retroactive application of Amendment 782 to the United States Sentencing Guidelines. Amendment 782 modified the drug-quantity tables in U.S.S.G. § 2D1.1 to lower the base offense levels corresponding to various drug quantities. *See* U.S.S.G. App. C, amend. 782 (2014). As amended, § 2D1.1 provided a base offense level of 30 for an offense involving at least 5 but less than 15 kilograms of cocaine, and a base offense level of 26 for an offense involving at least 2 but less than 3.5 kilograms of cocaine. *Id.* § 2D1.1(c). The district court denied Pease's motion, finding that he was not entitled to a sentence reduction under Amendment 782 because he was sentenced as a career offender. This appeal followed.

## II.

Section 3582(c)(2) gives district courts the authority to reduce the sentence of a prisoner who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by an amendment to the Sentencing Guidelines, but only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[2] The applicable policy

---

[2] We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) de novo. *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013).

statement provides that a district court reviewing a § 3582(c)(2) motion "shall determine the amended guideline range that would have been applicable to the defendant" if the relevant amendment "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The policy statement further instructs that in calculating the amended guideline range, "the court shall substitute only" the amended guideline or guidelines "for the corresponding guideline provisions that were applied when the defendant was sentenced *and shall leave all other guideline application decisions unaffected*." *Id.* (emphasis added). A district court proceeding under § 3582(c)(2) is required "to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification." *Dillon v. United States*, 560 U.S. 817, 827 (2010).

On appeal, Pease argues that the district court was required to recalculate his Guidelines range under the career-offender guideline, using the 40-year statutory maximum sentence for an offense involving only three kilograms of cocaine. In this way, Pease sought to have the district court correct its *Apprendi* error in the calculation of his applicable statutory maximum sentence—the same error that we declined to correct in Pease's direct appeal. He asserts that by using the lower maximum sentence, his total offense level as a career offender would be 34, resulting in a reduced Guidelines range of 262 to 327 months' imprisonment.

Pease's argument overlooks the fact that the district court was constrained by § 1B1.10(b)(1) to leave its calculations under the career-offender guideline untouched.  The retroactive application of Amendment 782, which lowered the applicable offense level under § 2D1.1, would not affect Pease's guideline range because his range was not calculated under that provision.  And because Amendment 782 did not affect § 4B1.1, the district court was not authorized to correct any errors it made in calculating his Guidelines range under that provision in 1999.  *See Dillon*, 560 U.S. at 831 ("Because the aspects of his sentence that Dillon seeks to correct were not affected by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address them.").

Pease is not eligible for a sentence reduction under § 3582(c)(2) and Amendment 782 because Amendment 782 did not affect Pease's sentencing range under U.S.S.G. § 4B1.1.  *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).  Accordingly, we affirm the district court's denial of Pease's § 3582(c)(2) motion.

**AFFIRMED.**