[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12204

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

QUENTIN ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:22-cr-00005-CDL-MSH-1

_____

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Quentin Anderson, a federal prisoner, appeals his convictions for robbery under the Hobbs Act and a related conspiracy to possess a firearm.[1] Anderson argues that the district court wrongly accepted his guilty plea under Federal Rule of Criminal Procedure 11(b).[2] He also argues that his counsel ineffectively assisted him under *Strickland v. Washington*, 466 U.S. 668 (1984). Neither persuades us.

The district court did not plainly err in accepting Anderson's plea because it was knowing and voluntary. And a direct appeal is not the proper vehicle to bring an ineffective assistance claim. So we affirm Anderson's convictions and sentence.

## I.

Anderson was charged with one count of robbery under the Hobbs Act and one count of conspiring to possess a firearm during and in relation to that robbery. He pleaded guilty to both counts.

His plea agreement listed the statutory maximums for each count—20 years—and stated that the district court would not be bound by his attorney's or the probation office's estimated sentencing range. Anderson stipulated in the plea agreement that the

---

[1] Anderson also appeals his sentence but offers no argument on that front besides the fact that it follows an unlawful conviction.

[2] Anderson does not cite Rule 11, but that rule governs pleas.

government could prove beyond a reasonable doubt that he committed seven armed robberies.

At the change-of-plea hearing, the district court conducted a plea colloquy and, in relevant part, asked if Anderson understood that the sentence he received could differ from any estimate given to him by his attorney, the probation officer, the government's attorney, or anyone else. Anderson said yes. He also agreed to the government's factual description of the seven robberies. The court accepted his guilty plea.

The probation office calculated his sentencing range—87 to 108 months—under the sentencing guidelines, basing its calculation on the one robbery to which Anderson pleaded guilty. But the government objected, arguing that his sentencing range should be based on the seven robberies to which he stipulated, which would result in a range of 188 to 235 months.

At sentencing, the district court upheld the government's objection. There, Anderson's counsel stated that she believed she had advised Anderson incorrectly regarding the factual stipulation in the plea agreement and had in fact been ineffective. The district court sentenced Anderson to 200 months of imprisonment. Anderson never moved to withdraw his guilty plea, though he said that the plea was based on an ineffective assistance of counsel.

## II.

"A defendant who failed to object to the Rule 11 colloquy or move to withdraw his plea prior to sentencing, must show plain

error on appeal." *United States v. Chubbuck*, 252 F.3d 1300, 1302 (11th Cir. 2001) (citation omitted).

## III.

Anderson directly appeals his convictions on two grounds. First, he says that the district court should not have accepted his guilty plea because he did not knowingly plead guilty. Second, he says that his conviction is invalid because his counsel ineffectively assisted him. We address each in turn.

### A.

"A plea of guilty is constitutionally valid only to the extent it is voluntary and intelligent." *Bousley v. United States*, 523 U.S. 614, 618 (1998). "Rule 11 expressly directs the district judge to inquire whether a defendant who pleads guilty understands the nature of the charge against him and whether he is aware of the consequences of his plea." *McCarthy v. United States*, 394 U.S. 459, 464 (1969). A defendant pleads knowingly and voluntarily, even if relying on his counsel's erroneous sentencing prediction, when the district court explains that the sentence it imposes may differ from such a prediction. *See United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001).

Anderson complains that he did not knowingly plead guilty because he relied on his attorney's erroneous sentencing prediction. But during Anderson's plea colloquy, the district court explained that the sentence it imposes may differ from any prediction Anderson received. Anderson agreed that he understood this point

and pleaded guilty anyway. We therefore conclude that the district court did not plainly err.

## B.

For claims of ineffective assistance of counsel, a convicted defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. But "[w]e generally do not address ineffective assistance of counsel claims on direct appeal." *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285 (11th Cir. 2015). "Instead, an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008) (cleaned up). We *can* address such a claim on direct appeal "in the rare instance where the record is sufficiently developed." *Id.* (cleaned up). But the record is not sufficiently developed for review on direct appeal, even when counsel makes statements on the record about communications with the defendants, when those statements "were not made under oath" and "were not subject to cross-examination." *United States v. Ahmed*, 73 F.4th 1363, 1375–76 (11th Cir. 2023).

Here, although Anderson's counsel informed the court that she had incorrectly advised him that the stipulated robberies would not count toward his guideline range calculation, the record is not sufficiently developed for us to adjudicate that issue. She did not make those statements under oath, nor was she subject to cross-examination. Any claim Anderson wishes to raise would best be raised in a § 2255 motion, where he would have the opportunity to

request an evidentiary hearing on his claim. Accordingly, we decline to consider Anderson's claim of ineffective assistance of counsel.

## IV.

For the reasons above, Anderson's convictions and sentence are **AFFIRMED**.