[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10650
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00013-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME FLETCHER,
a.k.a. City,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 4, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Jerome Fletcher appeals his conviction after pleading guilty to possessing

with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal, Fletcher argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. For the reasons stated below, we affirm.

I.

A federal grand jury indicted Fletcher on two counts: possession with intent to distribute cocaine base (Count 1), and possession of methamphetamine (Count 2). The day that Fletcher's trial was set to begin, the parties filed a plea agreement, in which Fletcher agreed to plead guilty to Count 1 of the indictment. The agreement did not contain any stipulation regarding the sentence. Before accepting Fletcher's guilty plea, the district court conducted a thorough plea colloquy, informing Fletcher multiple times that he faced a maximum sentence of life imprisonment and that the sentencing decision lay entirely within the court's discretion, regardless of what his attorney told him or what the government recommended. Throughout the colloquy, Fletcher indicated that he understood everything that the court explained to him.

Approximately two weeks after pleading guilty, Fletcher filed a *pro se* motion to withdraw his plea, asserting that the plea agreement differed from what he had previously discussed with his attorney, and that his attorney pressured him

into pleading guilty.

The district court conducted a lengthy hearing on Fletcher's motion to withdraw the plea. At the hearing, Fletcher testified that he had received the plea agreement only two or three minutes before the plea colloquy. Based on what he and his attorney had discussed, he thought that the plea agreement contained a stipulation to a 10-year sentence, and he signed the agreement without personally reviewing it because he trusted his lawyer's advice. Fletcher recalled the plea colloquy, but explained that his mind was "somewhere else" at the time. Fletcher's attorney also testified, stating that he had discussed with Fletcher the instant plea agreement prior to the plea hearing and had never told him that the agreement contained a stipulation for a 10-year sentence.

The district court denied Fletcher's motion to withdraw the plea, finding that he had failed to present a "fair and just" reason for doing so. Ultimately, the court sentenced him to 360 months in prison, followed by 6 years of supervised release.

## II.

We review for abuse of discretion the district court's denial of a motion to withdraw a guilty plea. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). A defendant may withdraw a guilty plea prior to sentencing if he "can

show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P.

11(d)(2)(B); *Brehm*, 442 F.3d at 1298. "This portion of the Rule, concerning

pre-sentence motions to withdraw, is to be liberally construed," but the defendant

has "no absolute right to withdraw a guilty plea prior to the imposition of a

sentence," and we will not reverse a denial of a motion to withdraw unless the

district court's decision was "arbitrary or unreasonable." *United States v. Buckles*,

843 F.2d 469, 471 (11th Cir. 1988). To determine whether a defendant has shown

a fair and just reason for withdrawing the plea, a court "may consider the totality

of the circumstances surrounding the plea." *Id.* at 471-72. Specific factors to be

analyzed include "(1) whether close assistance of counsel was available; (2)

whether the plea was knowing and voluntary; (3) whether judicial resources would

be conserved; and (4) whether the government would be prejudiced if the

defendant were allowed to withdraw his plea." *Id.* at 472 (citation omitted).

In his brief to this Court, Fletcher essentially relies on the first two factors

enunciated in *Buckles*, arguing that (1) he did not receive close assistance of

counsel because his attorney advised him to sign a plea agreement different from

the one they had previously discussed, and that (2) his plea was not made

knowingly and voluntarily because he had no chance to review the plea agreement

prior to the plea hearing. Fletcher's arguments fail.

4

Regarding close assistance of counsel, the issue essentially boils down to credibility. At the hearing on the motion to withdraw, Fletcher asserted that he chose to plead guilty because his attorney told him that the plea agreement stipulated to a 10-year prison term. However, Fletcher's attorney testified that he never conveyed such information to Fletcher, but instead discussed with him the government's actual plea offer. Given the absence of any other evidence as to what Fletcher and his attorney discussed prior to the plea hearing, the district court was free to disbelieve Fletcher's testimony while crediting his attorney's version of events. *See Buckles*, 843 F.2d at 472 ("The good faith, credibility and weight of a defendant's assertions in support of a motion under [Rule 11(d)] are issues for the trial court to decide."); *United States v. Freixas*, 332 F.3d 1314, 1318-19 (11th Cir. 2003) (holding that the district court's decision to discredit defendant's allegations in connection with her request to withdraw her guilty plea "was well within the ambit of [the court's] sound discretion"). Accordingly, the district court did not abuse its discretion in finding that Fletcher's counsel provided close and adequate representation.

As to the voluntariness of Fletcher's plea, we assume, *arguendo*, that Fletcher did not have an adequate opportunity to personally review the plea agreement before signing it. However, the only difference that he identifies

5

between the actual plea agreement and the agreement that he had discussed with his attorney is the fact that the actual plea agreement did not contain a stipulation to a 10-year sentence. Because the district court was free to discredit Fletcher's testimony that his attorney misinformed him regarding the potential length of his sentence, the court could properly conclude that the actual plea agreement did not materially differ from what Fletcher had previously discussed with his counsel. Fletcher's guilty plea would not be rendered involuntary simply because he did not personally read the agreement, as long as he understood all of its essential provisions and the consequences of his plea. *See United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009) ("A guilty plea is knowingly and voluntarily made if the defendant enters his plea without coercion and understands the nature of the charges and the consequences of his plea."), *cert. denied*, 130 S.Ct. 2403 (2010).

Even if Fletcher somehow misunderstood what his attorney had told him regarding the plea agreement, Fletcher's statements during the plea colloquy indicate that he comprehended all the ramifications of pleading guilty, including the possibility of receiving a life sentence. Therefore, the district court could reasonably conclude that Fletcher chose to plead guilty freely and voluntarily. *See United States v. Pease*, 240 F.3d 938, 940-41 (11th Cir. 2001) (affirming the denial of the defendant's motion to withdraw his guilty plea, in part because, even

6

though defense counsel had misrepresented the length of the potential sentence, the defendant was informed of the possible sentence during the plea colloquy); *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the [plea] colloquy are true.").

Because the record supports the district court's finding that Fletcher enjoyed close assistance of counsel and pleaded guilty knowingly and voluntarily, the court did not abuse its discretion in determining that Fletcher had failed to establish a fair and just reason for withdrawing his plea. *See Buckles*, 843 F.2d at 471-72. Accordingly, we affirm.

**AFFIRMED.**