[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10695

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICHARD SIMPKINS,
a.k.a. Rick Royster,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00292-VMC-TGW-1

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Richard Simpkins was charged by information with one count of conspiracy to commit money laundering. He pleaded guilty and was sentenced to 48 months' imprisonment, followed by 3 years' supervised release. He now appeals his conviction and sentence. Simpkins argues that neither his waiver of indictment nor his guilty plea was made knowingly, intelligently, or voluntarily. After careful review, we affirm.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In August 2021, a federal grand jury returned a three-count indictment charging Simpkins with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. sections 1344 and 1349, and two counts of engaging in monetary transactions in criminally derived property, in violation of 18 U.S.C. sections 2 and 1957. The conspiracy charge carried a maximum sentence of thirty years and the monetary transactions charges each carried a maximum sentence of ten years. 18 U.S.C. §§ 1344, 1957.

In June 2022, Simpkins was charged by a superseding information with one count of conspiracy to commit money laundering, in violation of 18 U.S.C. section 1956(h). That charge carried a maximum sentence of twenty years. *Id.* § 1956(a)(1)(B). Simpkins signed a waiver of indictment, consenting to proceed by the superseding information and acknowledging that he had been

"advised of the nature of the charge, the proposed [s]uperseding [i]nformation, and of [his] rights." In exchange, the government agreed that it would dismiss the indictment, not charge him with any other federal criminal offenses known to it at that time, recommend he be sentenced within the guideline range, not oppose an adjustment for acceptance of responsibility, and consider moving for a sentence reduction for substantial assistance if Simpkins cooperated. Simpkins agreed that the government's recommendation would not bind the sentencing court and he waived his right to appeal his sentence on any ground other than that it exceeded the applicable guideline range or statutory maximum penalty or violated the Eighth Amendment.

At his change of plea hearing, Simpkins stated under oath that he wished to stand by his written waiver of indictment. He then pleaded guilty to the charge of conspiracy to commit money laundering. The district court walked through the plea agreement with Simpkins to ensure he understood it. Simpkins stated, and the district court confirmed, that he entered the plea agreement freely and voluntarily, without threats, force, intimidation, or coercion of any kind. Simpkins also confirmed that he understood the following: The "nature of the offense . . . and the elements thereof, including the penalties provided by law"; the rights he was giving up by pleading guilty; the fine, special assessment, maximum sentence, term of supervised release, restitution, forfeiture, and loss of civil rights that could result from his guilty plea; the existence of the sentencing guidelines, the district court's consideration of the guidelines along with the section 3553(a) factors, and the fact

that the district court was not bound by the guidelines; and the limitations on his right to appeal his sentence—specifically, that he could not appeal the district court's guidelines calculation.

The district court accepted Simpkins's waiver of indictment and guilty plea, finding the plea "was knowledgeable and voluntary," and the probation officer prepared a presentence investigation report. After applying a three-level decrease for acceptance of responsibility, Simpkins's total offense level was 27. His criminal history score of 0 and criminal history category of I resulted in a guideline range of 70 to 87 months' imprisonment. The government filed a sentencing memorandum in support of the guideline calculation. Simpkins objected to the PSI, in which a two-level increase had been applied to his offense level for his role as an organizer or leader in the conspiracy.

At Simpkins's sentence hearing, the district court considered his coconspirators' sentences and sustained Simpkins's objection, reducing his offense level to 25, which resulted in a guideline range of 57 to 71 months' imprisonment. Simpkins argued for a downward variance to 40 months, noting that he "pleaded guilty to a crime that was three levels higher than the crime that was charged in the [i]ndictment." The district court varied downward because of Simpkins's lack of criminal history and for the sake of parity with his coconspirators, and sentenced him to 48 months' imprisonment followed by 3 years' supervised release. Simpkins did not object to the sentence.

23-10695                Opinion of the Court                5

## STANDARD OF REVIEW

When a defendant does not object to his plea colloquy or move to withdraw his plea before sentencing, we review only for plain error. *United States v. Chubbuck*, 252 F.3d 1300, 1302 (11th Cir. 2001). To reverse on plain error review, "there must be (1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and if the first three prongs are satisfied, we may exercise discretion to correct the error if (4) [it] seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013) (citation omitted).

## DISCUSSION

On appeal, Simpkins argues that his waiver of indictment, waiver of his right to appeal, and his guilty plea were not knowing, intelligent, and voluntary.[1]  Simpkins contends he was not

---

[1] Simpkins also asserts two other bases for relief: (1) the district court failed to correctly apply the guidelines by imposing a sentence disparate to those his coconspirators received, and (2) his counsel rendered ineffective assistance by failing to advise him of the increased sentence he faced by pleading guilty to the charge in the superseding information, as opposed to the charges in the indictment. Simpkins has abandoned both arguments because he only made "passing references to [them] . . . in the statement of the case," the "summary of the argument," or as "mere background" in the argument section of his brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014) (cleaned up). He did not "plainly and prominently" raise those claims, "for instance by devoting a discrete section of his argument to" them. *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013) (cleaned up). And even if his challenge to the district court's guideline calculation was not abandoned, as

6                    Opinion of the Court                    23-10695

informed that he was "automatically consenting to an increased sentence and/or higher sentencing exposure" than for the charges in his original indictment by pleading guilty to the superseding information.  Simpkins also argues that he was not made aware of "the alternative courses of action" available to him.  Because Simpkins did not object to the plea proceedings or move to withdraw his plea in the district court, we review for plain error.  *Chubbuck*, 252 F.3d at 1302.

A defendant "may be prosecuted by information if [he]—in open court and after being advised of the nature of the charge and of [his] rights—waives prosecution by indictment."  Fed. R. Crim. P. 7(b); *see also United States v. Moore*, 954 F.3d 1322, 1336 (11th Cir. 2020).  And a defendant may plead guilty in open court after being informed of and confirming his understanding of certain rights and consequences of his plea, including "any maximum possible penalty" and "the court's obligation to calculate the applicable sentencing[]guideline range and to consider that range, possible departures under the [s]entencing [g]uidelines, and other sentencing factors under 18 U.S.C. [section] 3553(a)."  Fed. R. Crim. P. 11(b)(1)(H), (M).  A district court accepting a guilty plea must "ensur[e] that [the] defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the

we explain, Simpkins voluntarily waived his right to appeal his sentence for any reason other than that it "exceed[ed] the guideline range[,] . . . exceed[ed] the statutory maximum penalty, or . . . violate[d] the Eighth Amendment."

consequences of his plea." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005) (citation omitted).

First, Simpkins knowingly, intelligently, and voluntarily waived prosecution by indictment in open court after being advised of his rights and the nature of the charge. At his change of plea hearing, Simpkins confirmed he understood his right to have his matter presented to a grand jury and to be charged by an indictment, and then Simpkins confirmed he wished to stand by his written waiver. And the district court read Simpkins the charge in the superseding information, after which he confirmed he understood the nature of that charge. There was no error in the district court's acceptance of Simpkins's waiver of indictment. *Moore*, 954 F.3d at 1335; *Madden*, 733 F.3d at 1322.

Second, Simpkins has failed to show that the district court erred, plainly or otherwise, in finding that his sentence-appeal waiver was knowing and voluntary. *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). The magistrate judge specifically questioned Simpkins about the appeal waiver and reviewed the only three exceptions where he could appeal his sentence. Thus, the magistrate judge sufficiently conveyed that Simpkins was waiving his right to appeal his sentence in most circumstances. *See United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020).

Third, Simpkins knowingly, intelligently, and voluntarily pleaded guilty to conspiracy to commit money laundering. The district court confirmed that Simpkins and his lawyer "went over each page of the plea agreement, [and Simpkins understood] every

page of [it]." The district court specifically ensured Simpkins understood the nature of the charge and each element the government would have to prove to convict him. The district court made sure that Simpkins understood the penalties and consequences of his guilty plea, including the rights he gave up by not going to trial and the fine, special assessment, maximum sentence, supervised release term, restitution, forfeiture, and loss of civil rights that could result. Simpkins confirmed he had discussed the sentencing guidelines with his lawyer and that he understood the district court "must correctly calculate the . . . guideline range and take that into account in determining [his] sentence," as well as "consider possible departures" and the section 3553(a) sentencing factors. The district court ensured Simpkins understood the limitations on his ability to appeal his sentence. And it specifically confirmed Simpkins's guilty plea was made "freely and voluntarily," independent of any "force[] or coerc[ion]." In sum, the district court discharged its duty to ensure Simpkins's guilty plea was entered knowingly and voluntarily. Fed. R. Crim. P. 11(b); *Moriarty*, 429 F.3d at 1019.

Simpkins disagrees. He argues he was not informed that he was "automatically consenting to an increased sentence and/or higher sentencing exposure" under the sentencing guideline by pleading guilty, and that he was not made aware of "the alternative courses of action" available to him, such as "entering a guilty plea to the charges for which he was indicted by a grand jury."

As to his "sentencing exposure," Simpkins's argument ignores that under the indictment, he faced a maximum sentence of

23-10695                Opinion of the Court                9

thirty years if he was convicted of conspiracy to commit bank fraud, 18 U.S.C. § 1344, but under the superseding information he faced a maximum sentence of only twenty years for conspiracy to commit money laundering, *id.* § 1956(a)(1)(B). And as to Simpkins's "increased sentence" under the guidelines, even accepting as true his claim that his guilty plea increased the guideline range by three levels, his argument is based on the PSI and the government's sentencing memorandum, which were prepared and filed after Simpkins's waiver and guilty plea. The district court wasn't required to anticipate and warn Simpkins of the potential effect his waiver and plea would have on the guideline range. *United States v. Mosley*, 173 F.3d 1318, 1327 (11th Cir. 1999) ("[T]he district court [i]s not required to ascertain and communicate to [defendants] an estimate of the guideline range." (citation omitted)); *see also United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (a defendant's failure to "understand how severe the sentence under the plea agreement might be" does not render it involuntary). Nor was the district court required to make sure Simpkins knew of alternative options, although—by ensuring he understood his right to be charged by indictment and that his waiver of that right was voluntary—it did so anyway.

**AFFIRMED**.