**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-11962

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MARCUS Q. WALDEN,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:21-cr-00036-WLS-TQL-1

————————————

Before JORDAN, LUCK, and KIDD, Circuit Judges.

PER CURIAM:

Marcus Walden appeals his conviction for possession of a firearm in furtherance of a drug trafficking crime. He argues that the district court abused its discretion in denying his motion to

withdraw his guilty plea because his counsel failed to advise him of his career offender status. After careful review, we affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In August 2021, Walden was indicted for possession of a firearm by a convicted felon, possession with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime. The indictment included a notice that Walden had three qualifying prior convictions under the Armed Career Criminal Act: possession with intent to distribute marijuana, aggravated assault, and possession with intent to distribute a Schedule I controlled substance.

The district court appointed counsel to represent Walden. With counsel's assistance, Walden signed a plea agreement in which he pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime in exchange for the government's dismissal of the remaining two charges. In signing the plea agreement, Walden acknowledged that he understood: (1) he would be subject to a mandatory minimum sentence of five years and a maximum sentence of life; (2) the district court was not bound by any estimated guideline range; and (3) he would not be allowed to withdraw his plea because the presentence investigation report contained a different guideline range than any estimated guideline range given by his attorney.

At the change of plea hearing, the district court placed Walden under oath and informed him that he could be prosecuted for perjury if he intentionally made a false statement. Walden testified

that he understood English and the nature of the plea proceeding. He stated that he had obtained the indictment, reviewed and discussed it with counsel, received an explanation of his legal and constitutional rights from counsel, and was satisfied with counsel's representation in his case.

Walden also testified that he read, reviewed, and discussed his plea agreement with counsel and understood its terms. He asserted that no one coerced, threatened, or made promises to induce him to sign the agreement. He indicated that he understood that the district court was not bound by any sentence recommendations in the plea agreement. The district court explained the relevant charge and the mandatory minimum and potential maximum sentence, which Walden confirmed he understood.

In explaining that the probation office would prepare a presentence investigation report with an advisory sentence guideline range, the district court told Walden:

> [Y]our attorney may have told you what he believes your advisory guideline range will be based on what he now understands . . . but the fact is that no one knows with certainty at this time what your advisory guideline range will be. It might turn out to be exactly what your lawyer thinks it is, it could be longer or shorter. . . . [I]f the advisory guideline range were to turn out to be different than you now expect it to be and you plead guilty, you would not be able to withdraw your plea of guilty on that basis.

Walden said that he understood.  Walden pleaded guilty, and the district court accepted the plea and found it was "freely, voluntarily, and knowingly offered."

In anticipation of sentencing, the probation office prepared a presentence investigation report.  The probation office determined that Walden was a career offender under section 4B1.1(a) of the sentencing guidelines, resulting in an advisory guideline range of 262 to 327 months' imprisonment.

But before the sentence hearing, Walden moved to withdraw his guilty plea.  Walden argued that his entry of a guilty plea was based on his counsel's incorrect assurance that Walden would not qualify as a career offender.  The district court held an evidentiary hearing on the motion to withdraw.

At the hearing, counsel testified that, based on his belief that Walden's prior aggravated assault charge had been dismissed, he told Walden he did not think the career offender enhancement would apply.  Counsel advised Walden that without the career offender enhancement he would face a maximum sentence of five years.  But counsel also told Walden that he would not know with certainty if the career offender enhancement would apply until after the probation office prepared the presentence investigation report.  The district court would make the final call on whether the career offender enhancement applied.

Following the evidentiary hearing, the district court denied Walden's motion to withdraw his plea.  The district court found that Walden had close assistance of counsel and knowingly and

voluntarily entered his plea.  Specifically, the district court emphasized Walden's sworn testimony at his change of plea hearing, in which Walden asserted that he understood he could not rely on his attorney's estimate of the advisory sentence guideline range.

At the sentence hearing, the district court found that Walden was a career offender and that his advisory guideline range was 262 to 327 months' imprisonment.  The district court sentenced Walden to 262 months' imprisonment, followed by five years of supervised release.  Walden appeals the denial of his motion to withdraw his plea.

## STANDARD OF REVIEW

We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea.  *United States v. Symington*, 781 F.3d 1308, 1312 (11th Cir. 2015).

## DISCUSSION

On appeal, Walden argues that the district court abused its discretion in denying his motion to withdraw his plea because his counsel's advice that Walden was not a career offender and he would face a maximum of five years in prison rendered the plea not knowing and voluntary.

A defendant may withdraw a guilty plea after the court accepts it, but before sentencing, if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  But "[t]here is no absolute right to withdraw a guilty plea."  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  In

determining whether a defendant has shown a fair and just reason for withdrawal, "the district court may consider the totality of the circumstances surrounding the plea." *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988). These circumstances include: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved[;] . . . and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472 (internal citation and footnote omitted).

There is a "strong presumption" that the defendant's statements during the plea colloquy are true. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987). Moreover, "[t]he good faith, credibility, and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to decide." *Buckles*, 843 F.2d at 472.

Reviewing the *Buckles* factors, we start with whether close assistance of counsel was available. To determine if it was, we look to whether a defendant was represented by counsel, whether he utilized counsel, the amount of time counsel conferred with the defendant and spent to prepare for the case, and whether the record shows the defendant was less than adequately represented. *See United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996); *Gonzalez-Mercado*, 808 F.2d at 799.

Here, Walden was represented by counsel before and during the change of plea hearing. At the change of plea hearing, Walden testified that he had reviewed and discussed his indictment, plea

agreement, and constitutional rights with counsel and was satisfied with counsel's representation in his case. *See Gonzalez-Mercado*, 808 F.2d at 800 n.8. Counsel later testified that he consulted with Walden about the indictment, the plea agreement, the potential sentence range, the rights Walden would waive in pleading guilty, and the possibility that the presentence investigation report would classify Walden as a career offender. Thus, the district court did not abuse its discretion when it found that Walden entered his guilty plea with the close assistance of counsel.

Walden argues that he did not receive close assistance of counsel because his attorney "fail[ed] to advise [him] of certain consequences of the plea, such as possible career offender status." But counsel's belief about Walden's career offender status does not show that Walden did not receive close assistance of counsel. While counsel told Walden he believed the career offender enhancement would not apply and Walden would serve five years, he also advised Walden that the district court would make the final determination on that issue. The district court gave Walden the same warning during the change of plea hearing. Thus, although counsel's belief turned out to be wrong, Walden still received close assistance of counsel.

For the second *Buckles* factor—whether the plea was knowing and voluntary—we examine whether the district court satisfied the three core objectives of Federal Rule of Criminal Procedure 11: (1) the guilty plea was free from coercion; (2) the defendant understood the nature of the charges; and (3) the defendant understood

the consequences of pleading guilty. *United States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir. 2003). The district court found that Walden's plea was knowing and voluntary because at his change of plea hearing he testified under oath that he understood that: (1) he faced a mandatory minimum sentence of five years' imprisonment and a maximum of life imprisonment; (2) the advisory guideline range would be determined after the completion of his presentence investigation report; and (3) he could not withdraw his guilty plea because his advisory guideline range was higher than he or counsel anticipated. *See Gonzalez-Mercado*, 808 F.2d at 800 n.8.

Walden asserts that his plea was not knowing and voluntary because he did not understand how severe his sentence might be. Instead, he contends his plea was based on counsel's belief that Walden would not be classified as a career offender and would be sentenced to a maximum of five years' imprisonment. But a plea is voluntary if the district court informs the defendant at the change of plea hearing—and the defendant acknowledges—that he cannot "rely on his counsel's prediction of his sentence," that he faces a certain mandatory minimum sentence and a maximum sentence, and that the district court can impose a sentence different than any estimate or prediction. *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001). Here, the record shows that Walden understood that he could not rely on counsel's prediction of the guideline range or final sentence. The record also reflects that Walden "knew at the time he pleaded guilty that his sentence might be life imprisonment, a more severe sentence than he actually received." *See id.*

24-11962                 Opinion of the Court                 9

Thus, we agree with the district court's finding that Walden's plea was knowing and voluntary.

Where the district court finds the defendant received close assistance of counsel and entered his plea knowingly and voluntarily, it need not give considerable weight to the other *Buckles* factors—judicial resources and government prejudice. *Gonzalez-Mercado*, 808 F.2d at 801. The district court acknowledged this, but also determined that allowing Walden to withdraw his guilty plea more than a year later would prejudice the government because the government would have to "reinitiate contact with witnesses and take other actions that it did not pursue in reliance on the [p]lea [a]greement." The district court did not abuse its discretion "in considering the time, money, and effort the government would have to devote to reassembling the witnesses and evidence that were allowed to scatter after the acceptance of the guilty plea." *See Buckles*, 843 F.2d at 474.

## CONCLUSION

We conclude that the district court did not abuse its discretion in denying Walden's motion to withdraw his plea. Thus, we affirm his conviction.

**AFFIRMED**.